Tina Wolfson, CA Bar No. 174806
*twolfson@ahdootwolfson.com*
Bradley K. King, CA Bar No. 274399
*bking@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
10728 Lindbrook Drive
Los Angeles, CA 90024
Tel: (310) 474-9111
Fax: (310) 474-8585

*Counsel for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILU CALDERON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KATE SPADE & COMPANY, LLC, a Delaware limited liability company, and DOES 1-50, inclusive,<br><br>Defendants. | No. **'19CV0674 JLS  WVG**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Marilu Calderon ("Plaintiff"), by and through her undersigned counsel, brings this Class Action Complaint on behalf of herself and all others similarly situated against Defendant Kate Spade & Company, LLC ("Defendant"), and alleges as follows based on personal knowledge of facts pertaining to her and on information and belief as to all other matters:

**NATURE OF THE CASE**

1. This is a class action arising from Defendant's deceptive, misleading, and unlawful practice of advertising fabricated reference prices and corresponding illusory discounts on its branded and/or trademarked lines of merchandise sold at Defendant's Kate Spade outlet stores.

2. Through a practice commonly known as "false reference pricing," Defendant misrepresents the existence, nature, and amount of price discounts on merchandise sold at Defendant's outlet stores by purporting to offer steep discounts off of fabricated market and/or former reference prices. The end result is a significant price disparity that creates the impression of considerable savings, and which ultimately induces consumers into making a purchase.

3. Specifically, Defendant advertises its merchandise for sale by attaching a price tag to a given product that sets forth a fabricated reference price, advertised by Defendant as "Our Price." But Defendant's reference price, which represents to consumers the purported market and/or former price of a given product, is a sham. Defendant's "Our Price" or reference price advertised for a given product does not convey the bona fide price at which Defendant formerly (or ever) sold its merchandise at its outlet stores. Defendant's reference price for a given product is a mere fictional creation designed to enable Defendant's corresponding illusory discounts.

4. At Defendant's outlet stores, Defendant displays large signposts immediately next to merchandise for sale that states, "___% Off" (*e.g.*, "50% Off") suggesting that merchandise is on sale for a designated percentage off of the fabricated reference price. The "___% Off" price, or sale price, then appears to be substantially discounted from

1

Defendant's fabricated reference price. Employing Defendant's reference price as the source of comparison to the end sale price, the difference between the prices is viewed as a significant discount or purported savings.

5. Like Plaintiff here, consumers rely on the truth of Defendant's reference price attached to merchandise sold at its outlet stores, which expressly represents that they are getting a bargain on their purchase. In spite of this, and unbeknownst to Plaintiff, they are not receiving a bargain at all. Defendant's advertised "discounts" are completely illusory or, at best, grossly overstated.

6. Dishonest retailers are able to use the above-described practice of false pricing to successfully mislead customers. This is because representations regarding discounts are material; they are a fundamental representation of a product's value and, therefore, effectively motivate purchasers. Defendant markets and advertises its products in this manner, advertising false discounts to increase sales of its outlet stores.

7. Plaintiff relied upon Defendant's references prices and so-called discounts when purchasing merchandise from Defendant's outlet stores. Plaintiff would not have made her purchases, or would not have paid the amounts she did, but for Defendant's fabricated reference prices and illusory discounted sales prices at which Defendant sold its merchandise.

8. Hundreds of thousands of consumers, including Plaintiff, were victims of Defendant's deceptive, misleading, and unlawful pricing scheme and thousands more will be so victimized if the practices continue.

9. As alleged herein, Defendant's conduct constitutes a violation of California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* (the "CLRA"), Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* (the "UCL"), and False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.* (the "FAL"). In addition, Defendant's conduct violates the Federal Trade Commission Act ("FTCA"), which prohibits "unfair or deceptive acts or practices in or affecting commerce" (15 U.S.C. § 45(a)(1)) and false advertisements (15 U.S.C. § 52(a)).

10. Plaintiff brings this action individually and on behalf of all others similarly

situated consumers who have purchased one or more merchandise items at Defendant's outlet stores that were deceptively represented as discounted from false regular or former prices. Plaintiff seeks restitution and other equitable remedies, including declaratory relief and an injunction under the CLRA, FAL, and UCL. Plaintiff also seeks reasonable attorneys' fees pursuant to California Code of Civil Procedure § 1021.5.

**PARTIES**

11. Plaintiff Marilu Calderon is a resident of Los Angeles, California. On March 19, 2017, Ms. Calderon purchased two items from the Kate Spade outlet store located at 5630 Paseo Del Norte, Ste. 100 SPC 108-D, Carlsbad, California 92008. The first item, a "Flavor of the Month" item was advertised on the price tag as having an "Our Price" or reference price of $78.00. The in-store signposts represented that the product was 60% Off of the reference price. By purchasing the "Flavor of the Month" charm pendant for $31.20, Ms. Calderon was led to believe that she saved $46.80, or 60% off her purchase. In reality, Ms. Calderon's purported savings are grossly overstated, because any discount she received for the charm pendant was based off of Defendant's fabricated reference price for that product.

12. On January 10, 2018, Ms. Calderon purchased seven items from the Kate Spade outlet store located at 100 Citadel Drive, Suite 539, Commerce, California 90040. The first item, a "Neda" wallet was advertised on the price tag as having an "Our Price" or reference price of $159.99. The in-store signposts represented that the wallet was 50% Off of the reference price. The second item, a "Bradley" backpack was advertised on the price tag as having an "Our Price" or reference price of $299.00. The in-store signposts represented that the backpack was 50% Off of the reference price. The third item, a "Neda" purse was advertised on the price tag as having an "Our Price" or reference price of $229.00. The in-store signposts represented that the purse was 50% Off of the reference price. The fourth item, a "Charm Pendant" was advertised as having an "Our Price" or reference price of $58.00. The in-store signposts represented that the Charm Pendant was 50% Off of the reference price. The fifth item, a "Stripe Flutter Sleeve" product was advertised on the price tag as having an "Our Price" or reference price of $128.00. The in-store signposts

represented that the product was 50% Off of the reference price. The sixth item, a "Stretch Legging" was advertised on the price tag as having an "Our Price" or reference price of $159.00. The in-store signposts represented that the Stretch Legging was 50% Off of the reference price. The final item, an "LS Jogger Set" was advertised on the price tag as having an "Our Price" or reference price of $79.00. The in-store signposts represented that the product was 50% Off of the reference price. The seven items described above were offered at an additional 20% Off of the sale price. By purchasing the seven items for a total of $490.16, Ms. Calderon was led to believe that she saved approximately $451.82, and over 50% on all of her individual purchases. In reality, Ms. Calderon's purported savings are grossly overstated, because any discounts she received were based on Defendant's fabricated reference prices.

13.    On May 16, 2018, Ms. Calderon purchased two items from the Kate Spade outlet store located at 100 Citadel Drive, Suite 539, Commerce, California 90040. One of these items, an "Out of Office – 8 PL" phone case was advertised on the price tag as having an "Our Price" or reference price of $45.00. The in-store signposts represented that the phone case was 50% Off of the reference price. By purchasing the phone case for $22.50, Ms. Calderon was led to believe that she saved $22.50 or approximately 50% on her purchase. In reality, Ms. Calderon's savings are grossly overstated, as any purported discount she received was based off of Defendant's fabricated reference price for that product.

14.    Defendant Kate Spade & Company, LLC is a Delaware limited liability company with its principal place of business located at 2 Park Avenue, New York, NY 10016. Defendant maintains the Kate Spade brand, a luxury fashion brand that designs, manufactures and markets accessories, apparel, shoes, jewelry, and more. Defendant operates Kate Spade retail and outlet stores, as well as the www.katespade.com website, and advertises, markets, distributes, and/or sells clothing and fashion accessories in California and throughout the United States.

15.    Plaintiff does not know the true names or capacities of the persons or entities sued herein as DOES 1-50, inclusive, and therefore sues such Defendants by such fictitious

4
CLASS ACTION COMPLAINT

names. Plaintiff is informed and believes, and upon such information and belief alleges, that each of the DOE Defendants is in some manner legally responsible for the damages suffered by Plaintiff and the Class members as alleged herein. Plaintiff will amend this Complaint to set forth the true names and capacities of these Defendants when they have been ascertained, along with appropriate charging allegations, as may be necessary.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5 million exclusive of interest and costs. Plaintiff and Defendant are citizens of different states. There are more than 100 putative Class Members.

17. This Court has personal jurisdiction over Defendant because Defendant is a limited liability company or other business entity authorized to conduct and regularly conducts business in the State of California. Defendant is registered with the California Secretary of State, has sufficient minimum contacts with California, and the events giving rise to this matter arose out of those contacts. Defendant intentionally availed itself of this jurisdiction through the ownership and operation of over 20 retail outlet stores throughout the State of California.

18. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant regularly transacts substantial business in this District. In addition, a substantial part of the events giving rise to Plaintiff's causes of action arose in this District, as Plaintiff purchased Defendant's merchandise within this District.

## FACTUAL ALLEGATIONS

19. As described above, Defendant markets and advertises the reference price of merchandise at artificially high levels and thereafter concocts discounts that do not exist. Defendant's practice effectively creates the appearance of a significant price discrepancy and conveys the impression of considerable savings. In reality, consumers are paying for merchandise at its market price.

20. By using fabricated reference prices and corresponding illusory discounts as a

source of comparison to the final sale price to be paid by consumers, Defendant communicates that its merchandise is substantially discounted from their normal, everyday pricing, and are less expensive than the market price. Because Plaintiff and Class members rely on these representations to make purchasing decisions, Defendant crafts its reference prices as large as possible to exaggerate the savings that are supposedly realized by consumers. Accordingly, Defendant knows, or should have known, that it misinforms its consumers regarding the discount pricing of its products.

21. Defendant's illusory discounts are particularly misleading because consumers often decide to make purchases based on an internal reference price – *i.e.,* consumers will often make a purchasing decision when they believe products to be less expensive than the perceived "normal" value of a given item. By featuring "discounts" from improper price comparisons, Defendant takes advantage of this well-documented behavior in hopes of influencing its customers into purchasing an item, and increasing its profits. Defendant's scheme also appeases consumers' concerns about missing a "better deal" and discourages comparison shopping by creating a false sense of urgency (an impression that the "sale" pricing is temporary and that a consumer should act quickly or lose significant savings).

22. By its actions, Defendant fraudulently concealed from, and intentionally failed to disclose to, Plaintiff and other similarly situated, the truth about what it described as "Our Price(s)" and advertised price discounts from those supposedly market or former prices.

23. Plaintiff's and Class members' reliance on Defendant's false representations is reasonable. In fact, empirical market studies provide an incentive for retailers to engage in this false and fraudulent behavior. Such false reference pricing practice is neither novel nor unique. Unscrupulous retailers have historically used the same misleading tactic. As such, both California lawmakers and federal regulators prohibit such injurious conduct.

24. The Federal Trade Commission ("FTC") describes the fictitious pricing scheme employed by Defendant as deceptive:

> One of the most commonly used forms of bargain advertising is to offer a

6
CLASS ACTION COMPLAINT

reduction from the advertiser's own former price for an article. **If the former price is the actual, bona fide price at which the article was offered to the public on a regular basis for the reasonably substantial period of time, it provides a legitimate basis for the advertising** of a price comparison. Where the former price is genuine, the bargain being advertised is a true one. **If on the other hand, the former price being advertised is not bona fide but fictitious—for example, where an artificial inflated price was established for the purpose of enabling the subsequent offer of a large reduction—the "bargain" being advertised is a false one**; the purchaser is not receiving the unusual value he expects. In such a case, the "reduced" price is, in reality, probably just the seller's regular price.

16 C.F.R. § 233.1(a) (emphases added).

25. Similarly, California statutory and regulatory law expressly prohibits false pricing schemes:

For the purpose of this article the worth or value of anything advertised is the prevailing market price, wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published.

**No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement** or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement.

Cal. Bus. & Prof. Code. § 17501 (emphasis added).

26. Defendant's reference price is not the prevailing market price for the products sold at Kate Spade outlet stores. Merchandise sold at Kate Spade outlet stores is created specifically for Kate Spade outlet stores. Accordingly, the only market price for the Kate Spade outlet store merchandise is the price at which the merchandise is sold at Kate Spade outlet stores. Defendant's "Our Price" representations are nothing but fictional creations designed solely to enable Defendant's phantom markdowns.

27. Both California and Federal law confirm what is inherently apparent: a business acts improperly when it manufactures or exaggerates a discount intended to make products

appear more attractive.

## CLASS ACTION ALLEGATIONS

28. Plaintiff brings this action individually and as a class action under Federal Rule of Civil Procedure 23 on behalf of a proposed Class defined as follows:

> All persons in the United States who purchased one or more products from Kate Spade outlet stores at discounts from the reference price advertised as "Our Price" within the applicable Class Period (the "Nationwide Class").

> In the alternative, Plaintiff seeks to represent a Class consisting of:

> All persons within the State of California who purchased one or more products from Kate Spade outlet stores at discounts from the reference price advertised as "Our Price" within the applicable Class Period (the "California Class").

29. Excluded from the Class are Defendant, as well as its officers, employees, agents or affiliates, and any judge who presides over this action, as well as all past and present employees, officers and directors of Defendant. Plaintiff reserves the right to expand, limit, modify, or amend the Class definition, including the addition of one or more subclasses, in connection with their motion for class certification, or at any other time, based upon, *inter alia*, changing circumstances and/or new facts obtained during discovery.

30. The Class meets the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(1), (b)(2), and (b)(3) for all of the following reasons.

31. Numerosity: The Class is so numerous that joinder of all members is impracticable. On information and belief, Plaintiff alleges that there are hundreds of thousands of individuals in the Class. The parties will be able to identify each member of the Class after Defendant's document production and/or related discovery.

32. Commonality: There are numerous questions of law and fact common to Plaintiff and the Class, including but not limited to the following:

- Whether Defendant utilizes fabricated reference prices and falsely advertised price discounts on its merchandise sold at its outlet stores;
- Whether Defendant advertises its "discounted" merchandise in a deceptive,

- false, or misleading manner;
- Whether Defendant's "Our Price" or reference prices advertised were the prevailing market prices for the respective outlet store merchandise during the three months periods preceding the dissemination and/or publication of the advertised former prices;
- Whether Defendant's alleged conduct constitutes violations of the laws asserted;
- Whether Defendant engaged in unfair, unlawful and/or fraudulent business practices under the laws asserted;
- Whether Defendant engaged in false or misleading advertising;
- Whether Plaintiff and Class members suffered legally cognizable damages as a result of Defendant's conduct of which they are entitled and/or restitution, and the proper measure of that loss
- Whether Plaintiff and Class members are entitled to equitable relief including injunctive relief.

33. **Typicality:** All of Plaintiff's claims are typical of the claims of the Class. Plaintiff, like all proposed Class members, has been deceived (or was likely to be deceived) by Defendant's false and deceptive price advertising scheme, as alleged herein. Plaintiff is advancing the same claims and legal theories on behalf of herself and all members of the Class.

34. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no interests that are adverse to, or in conflict with, those of Class members. There are no claims or defenses that are unique to Plaintiff. Likewise, Plaintiff has retained counsel experienced in class action and complex litigation who have sufficient resources to prosecute this action vigorously.

35. **Predominance:** The proposed action meets the requirements of Federal Rule of Civil Procedure 23(b)(3) because questions of law and fact common to the Class predominate over any questions which may affect only individual Class members.

36. Superiority: The proposed action also meets the requirements of Federal Rule of Civil Procedure 23(b)(3) because a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment of common questions is superior to multiple individual actions or piecemeal litigation, avoids inconsistent decisions, presents far fewer management difficulties, conserves judicial resources and the parties' resources, and protects the rights of each Class member. Absent a class action, the majority of Class members would find the cost of litigating their claims prohibitively high and would have no effective remedy.

37. Plaintiff's claims also meet the requirements of Federal Rule of Civil Procedure 23(b)(1) because prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications that would establish incompatible standards for Defendant. Varying adjudications could establish incompatible standards with respect to: whether Defendant's ongoing conduct violates the claims alleged herein; and whether the injuries suffered by Class members are legally cognizable, among others. Prosecution of separate actions by individual Class members would also create a risk of individual adjudications that would be dispositive of the interests of other Class members not parties to the individual adjudications, or substantially impair or impede the ability of Class members to protect their interests.

## FIRST CAUSE OF ACTION

### Violation of Cal. Civ. Code § 1750, *et seq.*

### California's Consumers Legal Remedies Act ("CLRA")

38. Plaintiff incorporates by reference each of the preceding factual allegations.

39. The CLRA has adopted a comprehensive statutory scheme prohibiting various deceptive practices in connection with the conduct of a business providing goods, property, or services to consumers primarily for personal, family, or household purposes. The self-declared purposes of the CLRA are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.

40. Defendant is a "person" as defined by Civil Code Section 1761(c), because Defendant is a corporation as set forth above.

41. Plaintiff and Class members are "consumers" within the meaning of Civil Code Section 1761(d).

42. The merchandise purchased by Plaintiff and the Class constitute "goods" and within the meaning of Cal. Civ. Code § 1761(a).

43. Defendant's sale of merchandise at its outlet stores to Plaintiff and the Class constitute "transactions," as defined by Cal. Civ. Code § 1761(e).

44. Plaintiff and Class members purchased merchandise from Kate Spade outlet stores for personal, family, and household purposes, as defined by Cal. Civ. Code § 1761(d).

45. Venue is proper under Cal. Civ. Code § 1780(d) because a substantial portion of the conduct at issue occurred in this District. An affidavit establishing that this Court is the proper venue for this action is attached below.

46. As described herein, Defendant violated the CLRA by falsely representing the nature, existence and amount of price discounts by fabricating inflated references prices. Such a pricing scheme violated the CLRA in the following manner:

    a. In violation of Section 1770(a)(5), Defendant misrepresented that its merchandise had characteristics, benefits, or uses that they did not have (representing that merchandise was sold at a substantial discount when it was not);

    b. In violation of Section 1770(a)(7), Defendant misrepresented that the merchandise was of a particular standard, quality, and/or grade when they were of another (representing that merchandise was worth more than its actual value);

    c. In violation of Section 1770(a)(9), Defendant advertised merchandise with an intent not to sell them as advertised (representing the merchandise was substantially discounted when it was not); and

    d. In violation of Section 1770(a)(13), Defendant made false or misleading statements of fact concerning the amount of a price reduction (because the advertised "Our

Price" or reference prices were false and inflated, and thus consumers did not receive the discounts they thought they were receiving);

   e. In violation of Section 1770(a)(16), Defendant misrepresented that the merchandise as supplied in accordance with previous representations when it was not (representing that merchandise was sold at discounts off of prevailing market prices when it was not).

47. Defendant's misrepresentations regarding its reference prices and corresponding discounts off of those reference prices were material to Plaintiff and Class members because a reasonable person would have considered them important in deciding whether or not to purchase merchandise.

48. Plaintiff and Class members relied upon Defendant's material misrepresentations and would have acted differently had they known the truth.

49. As a direct and proximate result of Defendant's material misrepresentations, Plaintiff and Class members have been irreparably harmed.

50. On behalf of the Class, Plaintiff seeks injunctive relief in the form of an order enjoining Defendant from making such material misrepresentations and to engage in a corrective advertising to alert consumers of these misrepresentations. Plaintiff also seeks attorneys' fees and costs.

51. In accordance with Cal. Civ. Code § 1782(a), on April 11, 2019, Plaintiff's counsel sent Defendant notice of these CLRA violations by certified mail, return receipt requested. If Defendant fails to respond to Plaintiff's letter or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of receipt of written notice, as proscribed by § 1782, Plaintiff will amend her Complaint to pursue claims for actual, punitive, and statutory damages, as appropriate against Defendant.

## SECOND CAUSE OF ACTION

**Violation of Cal. Bus. & Prof. Code § 17500*, et seq.***

**California's False Advertising Law ("FAL")**

52. Plaintiff incorporates by reference each of the preceding factual allegations.

53. Defendant routinely engages in a scheme of advertising that its products are subject to a discount when such discounts are illusory because they are based on Defendant's fabricated reference prices that do not reflect the "prevailing market prices" of the products for any particular time period in a particular location, or even the prices at which the products were recently sold.

54. Defendant's advertisement of inflated reference prices misrepresents and/or omitted the true nature of Defendant's pricing. These advertisements are being made to consumers located within the State of California and come within the definition of advertising as contained in the FAL in that such representations are intended to induce consumers like Plaintiff and Class members to purchase products from Kate Spade outlet stores. Defendant knows, or in the exercise of reasonable care should know, that its "Our Price" representations are false, misleading, deceptive, and violated California law.

55. Defendant's misleading and deceptive advertising practice give consumers the false impression that the products are regularly sold on the market for a substantially higher price than they actually are, and that merchandise sold at its outlet stores are subject to substantial discounts. Plaintiff necessarily and reasonably relied on Defendant's representations regarding the pricing of its merchandise, and all members of the Class are and have been exposed to such representations. Consumers, including Plaintiff and members of the Class, are among the intended targets of Defendant's representations.

56. As a direct and proximate result of Defendant's misleading and false advertisements, Plaintiff and Class members have suffered injury in fact and have lost money. Had Plaintiff and Class members known that Defendant's representations, advertisements, and other inducements misrepresents and/or omits the regular or former price of Defendant's merchandise and the true nature of corresponding "discounts," they would not

have purchased merchandise from Defendant's outlet stores, or would have paid less for them.

57. Plaintiff, on behalf of herself and all other similarly situated consumers, and as appropriate, on behalf of the general public, seek restitution and injunctive relief to prohibit Defendant from continuing the unfair, unlawful, and fraudulent practices alleged herein, and any other relief deemed proper by the Court.

### THIRD CAUSE OF ACTION

### Violation of Cal. Bus. & Prof. Code § 17200, *et seq.*

### California's Unfair Competition Law ("UCL")

58. Plaintiff incorporates by reference each of the preceding factual allegations.

59. The UCL prohibits any "unlawful, unfair, or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. & Prof. Code § 17200.

60. Defendant violated the "unlawful" prong of the UCL by making material misrepresentations regarding the pricing of merchandise sold at its outlet stores in violation of state and federal law.

61. Defendant's acts and practices alleged above, without limitation, the CLRA, FAL, and FTCA.

62. Plaintiff and Class members suffered substantial injury by virtue of Defendant's unlawful scheme of advertising that its products were subject to substantial discounts when such discounts were illusory and were not based on the prevailing market price of those products.

63. Defendant's actions alleged herein violate the laws and public policies of California and the federal government.

64. There is no benefit to consumers in allowing Defendant to deceptively market and advertise its reference prices and corresponding discounts in violation of California law.

65. The gravity of the harm inflicted on Plaintiff and Class members outweighs any legitimate justification, motive or reason for marketing and advertising reference prices and accompanying discounts in a deceptive and misleading manner in violation of California law.

Accordingly, Defendant's actions are immoral, unethical, and unscrupulous, offend established California public policies, and cause substantial injury to Plaintiff and members of the Class.

66. Through its false reference pricing scheme, Defendant fraudulently concealed from, and intentionally failed to disclose to, Plaintiff and other similarly situated, the truth about what it described as "Our Price(s)" and advertised price discounts from those supposedly market or former prices.

67. As more fully described above, Defendant misleadingly markets and advertises its products as discounted from a fictitious reference price, referred to by Defendant as "Our Price," when such discounts are illusory and/or overstated. Defendant's misleading marketing and advertisements have deceived and continue to deceive reasonable consumers. Plaintiff and Class members were deceived about the nature of Defendant's pricing, as Defendant prominently represented fabricated reference prices on its merchandise in store and prominently displayed signposts that merchandise were on sale for a designated percentage off of the reference price, which consumers relied upon in making their purchases.

68. Plaintiff and Class members relied on Defendant's material misrepresentations and would not have paid for, or would not have paid as much for, the merchandise had they known the truth.

69. Defendant's practices, as set forth above, have misled Plaintiff, the proposed Class, and the public in the past and will continue to mislead in the future. Consequently, Defendant's practices constitute unlawful, unfair, and fraudulent business practices within the meaning of the UCL.

70. As a direct and proximate result of Defendant's unlawful, unfair, and fraudulent conduct, Plaintiff and Class members lost money or property.

71. Defendant's conduct caused substantial injury to Plaintiff and Class members. Accordingly, Plaintiff seeks an order enjoining Defendant from committing such unlawful, unfair, and fraudulent business practices, and seek monetary damages for what Plaintiff and

Class members paid for the merchandise and/or restitutionary disgorgement of profits from Defendant. Plaintiff also seeks attorneys' fees and costs under Cal Code Civ. Proc. § 1021.5.

## RELIEF REQUESTED

Plaintiff, individually and on behalf of all others similarly situated, requests that the Court enter judgment against Defendant as follows:

A. An order certifying this action as a class action under Federal Rule of Civil Procedure 23, defining the Class as requested herein, appointing the undersigned as Class Counsel, and finding that Plaintiff is a proper representative of the Class requested herein;

B. Injunctive relief requiring Defendant to disseminate corrective advertising alerting consumers to its misrepresentations concerning its fabricated reference prices;

C. An order requiring Defendant to pay all costs associated with Class notice and administration of classwide relief;

D. An award to Plaintiff and all Class members of compensatory, consequential, incidental, and statutory damages, restitution, and disgorgement, in an amount to be determined at trial;

E. An award of attorneys' fees, costs, and expenses, as provided by law or equity;

F. An order requiring Defendant to pay pre-judgment and post-judgment interest, as provided by law or equity; and

G. Such other or further relief as the Court may allow.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues in this action so triable of right.

Respectfully submitted,

**AHDOOT & WOLFSON, PC**

Dated: April 11, 2019

*/s/ Tina Wolfson*
Tina Wolfson
*twolfson@ahdootwolfson.com*
Bradley K. King
*bking@ahdootwolfson.com*
10728 Lindbrook Drive
Los Angeles, CA 90024
Tel: (310) 474-9111
Fax: (310) 474-8585

*Counsel for Plaintiff and the Putative Class*

# AFFIDAVIT OF TINA WOLFSON

I, Tina Wolfson, declare as follows:

1. I am an attorney with the law firm of Ahdoot & Wolfson, PC, counsel for Plaintiff in this action. I am admitted to practice law in California and before this Court, and am a member in good standing of the State Bar of California. This declaration is made pursuant to California Civil Code section 1780(d). I make this declaration based on my research of public records and upon personal knowledge and, if called upon to do so, could and would testify competently thereto.

2. Venue is proper in this Court because Plaintiff suffered injuries as a result of Defendant's acts in this District, many of the acts and transactions giving rise to this action occurred in this District, and Defendant (1) is authorized and registered to conduct business in this District, (2) has intentionally availed itself of the laws and markets of this District through the distribution and sale of its merchandise in this District, and (3) is subject to personal jurisdiction in this District.

3. Plaintiff Marilu Calderon is a resident of Los Angeles County, California, and Plaintiff purchased Defendant's merchandise within this District.

4. Defendant is a Delaware limited liability company registered to do business in California with a principal place of business at 2 Park Avenue, New York, New York 10116.

I declare under penalty of perjury under the laws of the United States and the State of California this 11th day of April, 2019 in Los Angeles, California that the foregoing is true and correct.

*/s/ Tina Wolfson*
Tina Wolfson