# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILU CALDERON, and KRISTEN SCHERTZER, on behalf of themselves and a class of all others similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>KATE SPADE & COMPANY, LLC.;<br><br>Defendants. | Case No.: 3:19-cv-00674-AJB-JLB<br><br>**ORDER DENYING DEFENDANT'S, MOTION TO DISMISS AND STRIKE PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>**(Doc. No. 15)** |

Before the Court is Defendant Kate Spade & Company, LLC's ("Defendant") Motion to Dismiss and Strike Plaintiffs' Consolidated Class Action Complaint ("CCAC"). (Doc No. 15.) Plaintiffs Marilu Calderon ("Plaintiff Calderon") and Kristen Schertzer ("Plaintiff Schertzer") (collectively, "Plaintiffs") filed suit on behalf of themselves and all others similarly situated against Defendant. (Doc. No. 14.) Defendant moves this Court to dismiss Plaintiffs' CCAC alleging the following violations: (1) California Consumers Legal Remedies Act, Civil Code § 1750 et seq. ("CLRA"), (2) California's False Advertising Law, Bus. & Prof. Code § 17500 et seq. ("FAL"), and (3) California Unfair Competition Law, Cal. Bus. Prof. Code § 17200 ("UCL"). For the reasons discussed below, the Court **DENIES** Defendant's motion.

1

## I. BACKGROUND

The following facts taken from Plaintiffs' CCAC are accepted as true by the Court for the purpose of resolving this motion. *Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007) (in ruling on a motion to dismiss, a court must "accept all material allegations of fact as true").

Plaintiff Calderon is an individual and resident of Los Angeles, California. (CCAC ¶ 11.) Plaintiff Schertzer is an individual and resident of San Diego, California. (*Id.* ¶ 14.) Defendant Kate Spade is a fashion brand, specializing in the sale of designer handbags, clothing, shoes, jewelry, accessories, wallets, and more. (*Id.* ¶ 20.) Defendant owns and operates Kate Spade outlet stores located in California and throughout the United States. (*Id.*)

### A. Plaintiff Calderon's Purchases

On March 19, 2017, Plaintiff Calderon visited Defendant's outlet store located in Carlsbad, California. Plaintiff Calderon observed an in-store signpost representing the "Flavor of the Month" charm pendant ("Pendant") as "60% Off of the reference price" of $78.00. (*Id.* ¶ 11.) Believing she saved $46.80 off her purchase when she purchased the Pendant for $31.20, Plaintiff Calderon alleges her "purported savings are grossly overstated" because "any discounts she received for the charm pendant was based off of Defendant's fabricated reference price for that product." (*Id.*)

On January 10, 2018, Plaintiff Calderon visited the Kate Spade outlet located in Commerce, California. (*Id.* ¶ 12.) Plaintiff Calderon purchased seven items: (1) "Neda" Wallet at the "Our Price" of $159.99, (2) "Bradley" backpack at the "Our Price" of $299.00, (3) "Neda" purse at the "Our Price" of $229.00, (4) "charm pendant" at the "Our Price" of $58.00, (5) "Stripe Flutter Sleeve" at the "Our Price" of $128.00, (6)"Stretch Legging" at the "Our Price" of $159.00, and (7) "LS Jogger Set" at the "Our Price" of $79.00 (*Id.*) The in-store signposts represented the seven items as "50% Off of the reference price." (*Id.*) Moreover, the seven items described were offered at an additional "20% Off of the sale price." (*Id.*)

Plaintiff Calderon paid a total price of $490.16 for the seven items. (*Id.*) Plaintiff was "led to believe that she saved approximately $451.82, and over 50% on all of her individual purchases." (*Id.*) Plaintiff Calderon further alleges her "purported savings are grossly overstated" because discounts received were based on Defendant's fabricated reference prices. (*Id.* ¶ 13.)

On May 16, 2018, Plaintiff Calderon visited the Kate Spade outlet located in Commerce, California. Plaintiff Calderon observed in-store signposts representing the "Out of Office 8 PL" phone case as "50% Off of the reference price." (*Id.*) The "Out of Office 8 PL" phone case was advertised as having an "Our Price" or reference price of $45.00. (*Id.*) Plaintiff Calderon relied on Defendant's advertising and purchased an "Out of Office 8 PL" phone case for $22.50. (*Id.*) Plaintiff alleges she was led to believe she saved $22.50 or approximately 50% on her purchase. (*Id.*)

### B. Plaintiff Schertzer's Purchases

On an unspecified date, Plaintiff Schertzer visited Defendant's outlet store located in Carlsbad, California. (*Id.* ¶ 14.) Plaintiff Schertzer purchased two items: (1) "Small Berrie" accessory bag advertised on the price tag as having an "Our Price" or reference price of $59.00, and (2) "Tayla" handbag advertised on the price tag as having an "Our Price" or reference price of $279.00. (*Id.*) Both of the items totaled $82.89. (*Id.*) Plaintiff Schertzer observed in-store signposts representing both items as "70% Off of the reference price" and alleges she believed she saved approximately $236.60, or 70% on her purchases. (*Id.*) Furthermore, Plaintiff Schertzer argues her purported savings are grossly overstated because discounts on purchased items were based off Defendant's fabricated reference prices for those items. (*Id.*)

In sum, Plaintiffs claim they made all purchases in "reliance on Defendant's false and deceptive advertising." (*Id.* ¶ 15.) Plaintiffs further contend Defendant engages in a deceptive pricing scheme in violation of California law. Moreover, Plaintiffs argue Defendant's deceptive pricing scheme involves fictitious reference prices which are not the

prevailing market retail price within the three months immediately preceding the publication as required by California law. (*Id.* ¶ 16.)

## II. PROCEDURAL HISTORY

On April 11, 2019, Plaintiff Calderon filed a complaint in this Court. (Doc. No. 1.) On June 21, 2019, the Court granted Plaintiff Calderon's Motion to Consolidate two related cases: *Calderon v. Kate Spade & Co.*, LLC, 3:19-cv-00674-AJB-JLB and *Schertzer v. Kate Spade & Co.*, LLC, No. 3:19-cv-00330-AJB-JLB. (Doc. No. 13.) On July 22, 2019, Defendants filed the instant Motion to Dismiss and Strike Plaintiffs' CCAC for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (Doc. No. 15.) On August 6, 2019, Plaintiffs filed the Opposition to Defendant's Motion to Dismiss and Strike the CCAC. On August 6,2019, Defendant filed a reply. (Doc. No. 17.) This order follows.

## III. REQUEST FOR JUDICIAL NOTICE

Defendant asks this Court to take judicial notice of one of its in-store sign-posts. Defendant asserts Plaintiffs offer some in-store signage in their CCAC but omits other signs. (Doc. No. 15-1 at 2.) Specifically, Defendant argues Plaintiffs only attach to the CCAC a photograph of a price tag with the "debuted on" date, and a percentage-off sign, and omits another separate sign which explains Defendant's use and meaning of the "debuted on" dates on its price tags. (*Id.*) Accordingly, Defendant has attached a copy of the language of the omitted sign and requests judicial notice pursuant to the incorporation-by-reference doctrine. (*Id.*) Plaintiffs oppose the request for judicial notice, arguing the sign is not a document upon which Plaintiffs' CCAC necessarily relies, and the very existence of the sign is very much in dispute. (Doc. No. 17-1 at 2.) The Court agrees with Plaintiffs.

While the scope of review on a motion to dismiss for failure to state a claim is limited to the complaint, a court may consider evidence on which the complaint necessarily relies

---

[1] All references to "Rule" are to the Federal Rules of Civil Procedure.

4

if: "(1) the complaint refers to the document; (2) the document is central to the plaintiff['s] claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (internal quotation marks and citations omitted). Furthermore, Federal Rule of Evidence 201(b) permits judicial notice of a fact when it is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Welk v. Beam Suntory Imp. Co.*, 124 F. Supp. 3d 1039, 1041–42 (S.D. Cal. 2015). Additionally, courts can consider documents under the "incorporation by reference" doctrine when a plaintiff "refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (quoting *U.S. v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).

Here, Defendant has not demonstrated that the incorporation by reference doctrine applies. Plaintiffs do not explicitly reference the sign in the CCAC or rely on facts included in the language of the sign. Indeed, completely absent in the CCAC are allegations that Plaintiffs viewed, read, or relied upon the sign. Thus, in effect, Defendant seeks to incorporate documents outside the four corners of the CCAC to argue disputed facts. And even more, Plaintiffs contest the authenticity of the sign, because it is not established whether the sign was displayed at the time Plaintiffs made their purchases. (Doc. No. 17-1 at 4–5.) Therefore, because there are serious disputes as to the sign's authenticity and Plaintiffs' reliance upon the sign, the Court declines to permit the extrinsic material to be considered at this stage. Accordingly, the Court **DENIES** Defendant's request for judicial notice.

IV. **LEGAL STANDARDS**

   A. **Federal Rule of Civil Procedure 12(b)(6)**

A motion under Federal Rule of Civil Procedure 12(b)(6) allows the Court to dismiss a case for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the

complaint. A claim may only be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (internal quotations omitted). To survive a motion to dismiss, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (internal quotations and citations marks omitted; emphasis and omission in original).

However, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 55 U.S. at 570. In making this determination, a court reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007).

B. **Federal Rule of Civil Procedure 9(b)**

Under Rule 9(b) of the Federal Rules of Civil Procedure, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Rule 9(b) imposes two distinct requirements on complaints alleging fraud. First, Rule 9(b)'s basic notice requirements require complaints pleading fraud to state precisely the time, place, and nature of the misleading statements, misrepresentations, and specific acts of fraud. *Vess v. Ciba-Geigy Corp., U.S.A.*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted) (stating that a plaintiff must set forth "the who, what, when, where and how" of the alleged misconduct). Second, Rule 9(b) requires the complaint "set forth an explanation as to why the statement or omission complained of was false or misleading." *Yourish v. California Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999) (citation and quotation omitted); *Alaei v. Rockstar, Inc.*, 224 F. Supp. 3d 992, 996–97 (S.D. Cal. 2016).

V. **DISCUSSION**

Defendant argues Plaintiffs' CCAC should be dismissed under Rule 12(b)(6) for failure to state a claim because: (1) Plaintiffs have not satisfied the Rule 8 plausibility

requirement or the Rule 9(b) particularity standard, (2) Plaintiffs' allegations are contradicted by facts in the CCAC and those facts subject to judicial notice, (3) Defendant's conduct cannot be violative of the UCL, CLRA, or FAL because Defendant's conduct falls within Cal. Bus. & Prof. Code § 17501's safe harbor, and (4) Plaintiff Scherzter is a set-up plaintiff. Moreover, Defendant argues Plaintiffs' prayer for damages and monetary restitution should be dismissed under Rule 12(b)(6). The Court addresses each of these arguments in turn.

### A. Plaintiffs' CCAC Satisfies Rule 8 and Rule 9(b)

To start, Defendant argues Plaintiffs' allegations fail to satisfy the plausibility requirement under Rule 8 and the particularity standard under Rule 9(b). (Doc. No. 15 at 16.) In essence, Defendant maintains Plaintiffs' claims under the UCL, FAL, and CLRA fail because Plaintiffs have not pleaded with the requisite particularity and plausibility *how* Defendant made a false or misleading statement that is likely to deceive a reasonable consumer. (*Id.* at 16–18.) Because a properly alleged false or misleading statement is critical to UCL, FAL, and CLRA claims, Defendant asserts Plaintiffs' CCAC must be dismissed.

The Court concludes Plaintiffs have satisfied their burden under Rule 8 and Rule 9(b). In particular, Plaintiffs have plausibly described how the pricing scheme was misleading because Defendant allegedly never sold its merchandise at the "Our Price" prices, and so, the advertised discounts of "50% off" to "70% off" created the illusion that Plaintiffs were getting a bargain. (*See, e.g.*, CCAC ¶ 3.) Plaintiffs explain that "none of the products purchased by Plaintiffs were ever offered for sale at the reference price listed on the price tags and certainly not within the 90 days preceding Plaintiffs' purchases, as required by California law." (*Id.* ¶ 16.) Additionally, Plaintiffs specifically allege "[t]he Kate Spade merchandise sold in the Kate Spade outlet stores is exclusively sold at the Kate Spade outlet stores ***and it is not sold anywhere else***." (*Id.* at ¶ 21 (emphasis added).) Even more, Plaintiffs' counsel's investigation confirmed that "the merchandise purchased by Plaintiffs was priced with a false reference price and a corresponding discounted price for

7

at least the 90-day period immediately preceding Plaintiffs' purchases." (*Id.* ¶ 30.) The combination of these allegations is enough to plausibly allege that the merchandise in question was only sold at Kate Space outlet stores and were never offered at the "Our Price" amount in violation of California law. *See Rubenstein v. Neiman Marcus Grp. LLC*, 687 Fed. App'x. 564, 567 (9th Cir. 2017) (reversing dismissal where the plaintiff alleged that Neiman Marcus Last Call used reference prices to products sold at Neiman Marcus retail stores even though the products were made exclusively for Neiman Marcus Last Call); *Covell v. Nine W. Holdings, Inc.*, No. 3:17-CV-01371-H-JLB, 2018 WL 558976, at *4 (S.D. Cal. Jan. 25, 2018) ("Moreover, the FAC asserts specific facts that the Court is required to accept in ruling on a motion to dismiss. For example, the FAC alleges that "at no time [was] the Nine West outlet store merchandise ever offered for sale anywhere at the 'SUGG. RETAIL' price.").

### 1. Plaintiffs Properly Assert a CLRA Claim

Next, the Court will address whether Plaintiffs properly plead a claim under the CLRA. California's CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ. Code § 1770. Specifically, the CLRA prohibits, among other things, "[a]dvertising goods or services with intent not to sell them as advertised" and "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions." Cal. Civ. Code § 1770(a)(9), (13).

Here, Plaintiffs have sufficiently alleged Defendant advertises its Kate Spade outlet merchandise with the "intent not to sell" as advertised because the "Our Price" amount misleads customers into thinking the merchandise was sold at a higher price at some point in time. Moreover, Plaintiffs also adequately pleads a "false or misleading statement of fact" concerning "amounts of price reductions" given that Defendant supposedly manufactures and sells its outlet products exclusively at its outlet stores, and nowhere else at the "Our Price." (CCAC ¶ 3, 16, 21, 30–31, 69.) Whether Defendant will be able to prove its claim is another question, but for the purpose of a motion to dismiss, these facts are enough to state a claim under the CLRA. *See Branca v. Nordstrom, Inc.*, No. 14CV2062-

8

MMA (JMA), 2015 WL 10436858, at *7 (S.D. Cal. Oct. 9, 2015) (holding that the plaintiff properly alleged CLRA, UCL, and FAL claims because "Plaintiff alleges *why* the 'Compare At' prices are false as former prices—because they necessarily cannot be former prices or prevailing market prices, as the items were never sold elsewhere for any other price besides the Nordstrom Rack retail price.") (emphasis in original).

### 2. Plaintiffs Properly Assert a FAL Claim

The FAL prohibits any "unfair, deceptive, untrue, or misleading advertising." Cal. Bus. and Prof. Code § 17500. "To make out an FAL claim, a plaintiff must show that a company, with intent to dispose of property, disseminated an untrue or misleading statement about that property, which the company knew or should have known to be untrue or misleading." Cal. Bus. & Prof. Code § 17500. The statute has been interpreted broadly to encompass not only advertising which is false, but also advertising which, although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public. . . ." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1162 (9th Cir. 2012) (internal citations, quotations, and alterations omitted).

Here, Plaintiffs properly assert a FAL claim as they allege Defendant's "false reference price discounting scheme inflated the true market of the items they purchased." (CCAC ¶ 17.) Specifically, Plaintiffs explicate Defendant used the "Our Price" price as a false reference price "to deceptively manufacture a deeply discounted sale price referred to as the '__% Off' price[.]" (*Id.* ¶ 23.) Plaintiffs allege "merchandise sold in Kate Spade outlet stores is exclusively sold at the Kate Spade outlet stores and it is not sold anywhere else." (*Id.* ¶ 21.) Consequently, "there is no other market for the Kate Spade outlet store merchandise other than at Kate Spade's outlet stores." (*Id.*) As a result of this practice, Plaintiffs contend Defendant induced consumers to purchase items based on "the illusory impression of considerable savings" and a "false sense of urgency" that "discourages comparison shopping." (*Id.* ¶ 1.)

Based on the foregoing, Plaintiffs alleged with particularity Defendant engaged in a scheme to defraud its customers by perpetually discounting its merchandise in its outlet

stores. Plaintiffs alleged how Defendant employed the alleged scheme by: (1) advertising its merchandise with a false reference price and corresponding sale price immediately next to the item that states, "__% Off"; and (2) selling Defendant's merchandise exclusively at Kate Spade outlet stores and not anywhere else. Therefore, the Court finds Plaintiffs' adequately state a claim under the FAL.

### 3. Plaintiffs Properly Allege a Violation of the UCL

California's UCL proscribes "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. The unlawful prong of the UCL borrows from other laws and makes them independently actionable. *Belton v. Comcast Cable Holdings, LLC*, 151 Cal. App. 4th 1224, 1233 (2007). Thus, violations of the CLRA and FAL also constitute violations of the UCL. *See Rael v. New York & Co., Inc.*, No. 16-cv-369-BAS(JMA), 2017 WL 3021019, at *5 (S.D. Cal. July 17, 2017) ("Because the Court finds Plaintiff adequately alleges a violation of the FAL and the CLRA, Plaintiff also adequately alleges a violation of the UCL 'unlawful' prong.").

Here, Plaintiffs allege Defendant engaged in unlawful, unfair, and fraudulent business practices of advertising fictitious prices. (CCAC ¶ 51–64.) Specifically, as explained above, Plaintiffs allege Defendant "advertises its merchandise for sale by attaching a price tag to the item that sets forth a fictitious 'reference price' described by [Defendant] as 'our price.'" (*Id.* ¶ 2.) And since Plaintiffs properly asserted a FAL and CLRA claim against Defendant, a UCL claim is necessarily alleged. *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (quoting *Kasky v. Nike, Inc.* 27 Cal. 4th 939, 950 (2002) (internal quotations omitted). Plaintiffs have provided Defendant with sufficient facts to defend against Plaintiffs' allegations.

* * *

Given the totality of the facts provided in Plaintiffs' CCAC, Plaintiffs have satisfied the plausibility standard of Rule 8 and the particularity standard of Rule 9. Furthermore, Defendant is in the best position to know its internal pricing policies. Plaintiffs would not

10

19-cv-00674-AJB-JLB

have knowledge of the actual prices of the merchandise without access to discovery. *See Rubenstein*, 687 F. App'x at 568 (9th Cir. 2017) ("Without an opportunity to conduct any discovery, [the plaintiff] cannot reasonably be expected to have detailed personal knowledge of Neiman Marcus's internal pricing policies or procedures for its Last Call stores."). Thus, it would be premature for the Court to dismiss Plaintiffs' claim at this time since "[t]he Rule 9(b) heightened pleading standard is relaxed as to facts supporting allegations of fraud that are exclusively within the defendant's possession and of which a plaintiff cannot be expected to have personal knowledge prior to discovery." *See Branca*, 2015 WL 10436858, at *8.

### B. Whether Plaintiffs' Allegations are Contradicted by the CCAC and Matters Subject to Judicial Notice

Defendant also argues Plaintiffs' claims fail because they are contradicted by evidenced attached as Exhibit A to the CCAC, as well as matters of which the Court may take judicial notice. (Doc. No. 17 at 18.) Specifically, Defendant contends the price tags included "debuted on" language indicating when the merchandise was sold at the "Our Price." (*Id.* at 18.) Additionally, Defendant included another sign in its stores—which the Court has declined to take judicial notice of—explaining that the "Our Price" reference is to the full price that the same or similar product sold for in one of Defendant's merchandise channels. (*Id.*) However, at this stage of the proceedings, the question of whether the price tags and various in-store signage was actually misleading to a consumer is not an appropriate question for the Court because Defendant seeks to include disputed factual evidence inappropriate to consider at the motion to dismiss stage. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1900) (noting that a Court may not look beyond the four corners of a complaint in ruling on a Rule 12(b)(6) motion to dismiss). Thus, Defendant's argument falls short.

### C. Cal. Bus. & Prof. Code § 17501 Safe Harbor

Next, Defendant contends Cal. Bus. & Prof. Code § 17501's safe harbor provision "permits advertising a price as a former price as long as 'the date when the alleged former

11

price did prevail is clearly, exactly and conspicuously stated in the advertisement.'" (Doc. No. 15 at 19 (citing Cal. Bus. & Prof. Code § 17501).) Because Defendant complied with Section 17501 by including a "debuted on" date on its price tags, Defendant maintains California's *Cel-Tech* safe harbor doctrine operates to bar all of Plaintiffs' claims. (Doc. No. 15 at 20.)

In *Cel-Tech Communications v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163 (1999), the California Supreme Court recognized a safe harbor under the UCL for conduct the law "clearly permit[s]." *Id.* at 183. The *Cel-Tech* court reasoned that "[a] plaintiff may . . . not plead around an absolute bar to relief simply by recasting the cause of action as one for unfair competition." *Id.* (internal quotation marks omitted). The Ninth Circuit has recognized that the safe harbor also applies to claims brought under the CLRA and FAL. *See Alvarez v. Chevron Corp.*, 656 F.3d 925, 933–34 (9th Cir. 2011) (applying the safe harbor to a CLRA claim); *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (applying application of safe harbor doctrine to UCL, FAL, and CLRA claims).

As a preliminary matter, the Court declines to apply the *Cel-Tech* safe harbor doctrine because whether Defendant's conduct falls within Section 17501 is a question of fact inappropriate to resolve for the purpose of this motion. Defendant contends its inclusion of a "debuted on" date renders its action consistent with Section 17501, and so the safe harbor doctrine applies. However, whether Defendant's "debuted on" date would "clearly, exactly *and* conspicuously" signal to a reasonable consumer the original date that the former price prevailed is a question of fact. *See* Cal. Bus. & Prof. Code § 17501 (emphasis added). Additionally, because Plaintiffs' claims are premised on the idea that the merchandise was not sold in other stores, whether the inclusion of the "debuted on" date would indicate that the merchandise was sold elsewhere is a separate question that cannot be addressed in this order.

**D.    Set-Up Plaintiff**

Turning to Defendant's set-up plaintiff argument, Defendant asserts Plaintiff Schertzer is an improper set-up plaintiff because Plaintiff Schertzer allegedly visited the

12

19-cv-00674-AJB-JLB

Kate Spade outlet in Carlsbad, California with the intent of becoming a plaintiff in this lawsuit. (Doc. No. 15 at 21.) Additionally, Defendant points out that this litigation is one of four cases filed as a result of Plaintiff Schertzer's purchases at the Carlsbad outlets last year. (*Id.* at 21.) The Court is not persuaded by Defendant's argument as Defendant does not cite any authority indicating that involvement in other litigation is relevant at the pleading stage. As such, this action cannot be dismissed based on Plaintiff Schertzer's other litigation activity.

### E. Plaintiffs' Prayer for Damages and Monetary Restitution Should Not be Dismissed

Lastly, Defendant argues Plaintiffs' prayers for damages and restitution should be dismissed because Plaintiffs do not have monetary damages, as the items they purchased were worth the exact amount they paid for. (Doc. No. 15 at 23.) Plaintiffs oppose, arguing Defendant's false pricing practices caused them to purchase products they otherwise would not have purchased, and so they are entitled to some form of monetary relief. (Doc. No. 17 at 30–31.) The Court agrees with Plaintiffs.

While the primarily form of relief under the UCL is injunctive relief, the CLRA explicitly authorizes injunctive relief, restitution, and "[a]ny other relief that the court deems proper." Cal. Civ. Code § 1780(a). Additionally, the UCL does not preclude a plaintiff from recovering other forms of relief. *See* Cal. Bus. & Prof. Code § 17205 ("Unless otherwise specifically provided, the remedies or penalties provided by this chapter are cumulative to each other, and to the remedies or penalties available under all other laws of this state."). Even more, courts have held that the difference between the price Plaintiffs paid, and the value of the product received is the not the exclusive form of measuring damages. *See Jacobo v. Ross Stores, Inc.*, No. CV-15-04701-MWF-AGR, 2016 WL 3482041, at *7 (C.D. Cal. Feb. 23, 2016) ("Remedy for the alleged misconduct is not limited to the difference between the value of the goods [p]laintiffs purchased and the price for those goods."); *In re Tobacco Cases II*, 240 Cal. App .4th 779, 792–93 (2015).

At this point in the litigation, Plaintiffs may plead alternate measures of damages. And Plaintiffs' theory that it would not have bought Defendant's products if they had known about the alleged pricing scheme is enough to provide Plaintiffs with monetary relief. For example, the Court could fashion a remedy by rescinding the transactions and refunding the amounts paid for the goods. *Spann v. J.C. Penney Corp.*, No. SA CV 12-0215 FMO, 2015 WL 1526559, at *6 (C.D. Cal. Mar. 23, 2015) ("Rescission with complete restitution can be an appropriate remedy under the [false advertising laws]."). But in any event, the question of whether Plaintiffs can later prove the amount of monetary restitution is a question better addressed at a later stage. *Russell v. Kohl's Dep't Stores, Inc.*, No. EDCV151143RGKSPX, 2015 WL 12781206, at *5 (C.D. Cal. Oct. 6, 2015) ("While it remains to be seen whether Plaintiffs can adduce sufficient evidence of a measurable amount of restitution, such an inquiry is premature at this early pleading stage."). Whatever the appropriate remedy may be, Plaintiffs successfully pled that they may be entitled to some form of monetary relief.

## VI. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendants' motion to dismiss and motion to strike Plaintiffs' CCAC. (Doc. No. 15.)

**IT IS SO ORDERED.**

Dated: March 5, 2020

Hon. Anthony J. Battaglia
United States District Judge